UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TANYA BOENS, as Special Administrator of the Estate of ISAIAH BOENS, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, a/k/a U.S. PUBLIC HEALTH SERVICES, PCC COMMUNITY WELLNESS CENTER, a corporation, BERTHA LOPEZ, M.D. and CHRISTABELLE BERNARDO, M.D., individually and in their official capacity,<br><br>Defendants. | No.<br><br>(Related to Cook County action 13 L 2229) |

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT – 42 U.S.C. § 233

Plaintiff, TANYA BOENS, as Special Administrator of the Estate of ISAIAH BOENS, deceased, by and through her attorneys, SUSAN E. LOGGANS & ASSOCIATES, P.C., complaining of Defendant, PCC COMMUNITY WELLNESS CENTER, and Defendants, BERTHA LOPEZ, M.D. and CHRISTABELLE BERNARDO, M.D., acting individually and in their official capacities, jointly and severally, upon information and belief, states as follows:

### JURISDICTION & VENUE

1. This action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 42 U.S.C. § 233, against the United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

2. Pursuant to 28 U.S.C. § 2675, this claim was presented to the appropriate agency of Defendant, THE UNITED STATES OF AMERICA, namely the Department of Health and Human Services, on August

29, 2013, for the claims of Plaintiff TANYA BOENS, as the Special Administrator of the Estate of ISAIAH BOENS, deceased. This claim was denied.

3. Notice of Removal of this Civil Action to Federal Court was executed by the United States Attorney's Office (NDIL), pursuant to 28 U.S.C. § 2679(d), on June 4, 2013.

4. Jurisdiction is conferred upon this court by 28 U.S.C. § 1346(b).

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(1) and/or 1391(b)(2), as well as 28 U.S.C. § 1391(e)(1), because the UNITED STATES is a Defendant and Defendants BERTHA LOPEZ, M.D. and CHRISTABELLE BERNARD, M.D. both reside in the Northern District of Illinois as does the Plaintiff, TANYA BOENS.

## PARTIES

6. Plaintiff TANYA BOENS is a competent adult and the surviving mother of ISAIAH BOENS, deceased.

7. On March 1, 2013, TANYA BOENS was appointed special administrator of the estate of ISAIAH BOENS, by the Honorable Judge Irwin Solojanick of the Circuit Court of Cook County – Probate Division, and brings this cause of action as Administrator of the Estate of ISAIAH BOENS.

8. On or about November 11, 2011, at all times relevant herein, the Defendant, THE UNITED STATES OF AMERICA, acted through its agency, the U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, a/k/a U.S. PUBLIC HEALTH SERVICES, and hereinafter referred to as "PUBLIC HEALTH SERVICE".

9. On or about November 11, 2011, at all times relevant herein, Defendant PCC COMMUNITY WELLNESS CENTER, was a duly incorporated Illinois corporation.

10. On or about November 11, 2011, the PCC COMMUNITY WELLNESS CENTER was a private entity that receives grant money from the PUBLIC HEALTH SERVICE and was therefore an operational division of Defendant .

11. On or about November 11, 2011, at all times relevant herein, the PCC COMMUNITY WELLNESS CENTER engaged as its employees and agents, various physicians, nurses, and other medical personnel, including Defendants BERTHA LOPEZ, M.D. and CHRISTABELLE BERNARDO, M.D., all acting on behalf of the Defendant, PCC COMMUNITY WELLNESS CENTER.

12. On or about November 11, 2011, at all times relevant herein, Defendants BERTHA LOPEZ, M.D. and CHRISTABELLE BERNARDO, M.D., individually and in their official capacity as physicians at and employed by PCC COMMUNITY WELLNESS CENTER, and were acting within the scope of their employment.

## FACTUAL ALLEGATIONS

13. On or about November 11, 2011, at all times relevant herein, Defendant, BERTHA LOPEZ, M.D., was Plaintiff, TANYA BOENS' Obstetrician, whom she saw at Defendant, PCC COMMUNITY WELLNESS CENTER, a medical facility, which provided rooms, drugs, medical services, equipment, and personnel, including physicians, nurses, and technicians, for the care and treatment of patients, including Plaintiff, TANYA BOENS, and Decedent, ISAIAH BOENS.

14. On or about November 11, 2011, at all times relevant herein, Defendant, CHRISTABELLE BERNARDO, M.D., saw patients at Vanguard West Suburban Medical Center, a medical facility, which provided rooms, drugs, medical services, equipment, and personnel, including resident physicians, nurses, technicians, and therapists, for the care and treatment of patients, including Plaintiff, TANYA BOENS, and Decedent, ISAIAH BOENS.

15. On November 11, 2011, subsequent to a telephone call from TANYA BOENS to her obstetrician, Defendant, BERTHA LOPEZ, M.D., TANYA BOENS was referred for further evaluation of her clinical status to the labor and delivery triage unit at Vanguard West Suburban Medical Center.

16. On November 11, 2011, TANYA BOENS was administered a vibro-acoustic stimulation without her consent, by Defendant CHRISTABELLE BERNARDO, M.D.

17. On November 11, 2011, TANYA BOENS left Vanguard West Suburban Medical Center due to the lack of information Defendant CHRISTABELLE BERNARDO, M.D. provided concerning the vibro-acoustic stimulation test and the effects it would have on her baby.

18. From November 11, 2011 to November 14, 2011, TANYA BOENS did not receive a telephone call from Defendant, BERTHA LOPEZ, M.D., nor CHRISTABELLE BERNARDO, M.D., nor any other medical staff or personnel of PCC COMMUNITY WELLNESS CENTER.

19. On November 14, 2011, TANYA BOENS, was admitted to Defendant, PCC COMMUNITY WELLNESS CENTER, where she was informed, by Defendant BERTHA LOPEZ, M.D., that her unborn son, ISAIAH BOENS, was deceased.

## CAUSE OF ACTION – NEGLIGENCE – PCC COMMUNITY WELLNESS CENTER, BERTHA LOPEZ, M.D. AND CHRISTABELLE BERNARDO, M.D.

20. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

21. On or about November 11, 2011, Defendant PCC COMMUNITY WELLNESS CENTER, acting by and through its duly authorized agents and employees, including physicians CHRISTABELLE BERNARDO, M.D, and BERTHA LOPEZ, M.D., and all treating nurses, and acting as an operational division of Defendant, UNITED STATES OF AMERICA, was negligent in one or more of the following ways:

> a. Failed to convey appropriate information to TANYA BOENS in simple terms regarding the procedure of vibro-acoustic stimulation;
>
> b. Failed to convey all necessary and appropriate information to TANYA BOENS regarding vibro-acoustic stimulation or any other procedures or tests performed or recommended to be performed;

c. Failed to provide necessary and appropriate patient information concerning the recommended ultrasound, biophysical profile and amniotic fluid index, as well as the risks involved in refusing those tests;

d. Failed to investigate further into the status of the fetus, or whether delivery of the fetus was necessary to comply with the standard of care;

e. Failed to provide necessary and appropriate patient information to TANYA BOENS that immediate testing and treatment was necessary based upon the non-reassuring non-stress test performed; and

f. Failed to contact TANYA BOENS after she left the hospital to communicate aforementioned information regarding procedures and tests that had been performed and further tests that needed to be performed.

22. As a result of the facts set out in this Complaint at Law, Defendants, PCC COMMUNITY WELLNESS CENTER, BERTHA LOPEZ, M.D., and CHRISTABELLE BERNARDO, M.D., owed a duty to the decedent, ISAIAH BOENS, to act with reasonable care.

23. Defendants, PCC COMMUNITY WELLNESS CENTER, BERTHA LOPEZ, M.D., and CHRISTABELLE BERNARDO, M.D., breached that duty proximately causing decedent to suffer injuries and to die.

24. The acts and/or omissions set forth above would constitute a claim under the law of the State of Illinois. (Pursuant to 735 ILCS 5/2-622 (a)(1), the required report of a health consultant is attached hereto, as well as the affidavit of the attorney that a meritorious causes of action exists, as Exhibits 1 and 2).

25. The defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

WHEREFORE, Plaintiff, TANYA BOENS, as Special Administrator of the Estate of ISAIAH BOENS, deceased, demands judgment against Defendant, Defendant, PCC COMMUNITY WELLNESS CENTER,

and Defendants, BERTHA LOPEZ, M.D. and CHRISTABELLE BERNARDO, M.D., acting individually and in their official capacities, jointly and severally, in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000) DOLLARS.

*[signature]*

Attorneys for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
222 N. LaSalle Street
Suite 460
Chicago, IL 60601
(312) 201-8600
loggans@logganslaw.com
#1684-663